IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION


JACQUELYN R. LOWE                                                          PLAINTIFF

VERSUS                                            CIVIL ACTION NO. 2:09CV185-P-A

GEICO GENERAL INSURANCE COMPANY;
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and JANET S.
MATTHEWS, Individually                                                    DEFENDANTS


## ORDER

This cause is before the Court on defendant State Farm Mutual Automobile Insurance Company's Motion for Summary Judgment [22]. The Court, having reviewed the motion, the response, the briefs of the a parties, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

Tennessee law applies to the issues before the Court in this declaratory judgment action requiring the interpretation of a contract of uninsured/under-insured motorist coverage issued by State Farm.[1] Under Tennessee law an uninsured motorist insurance carrier can limit its liability by offsetting all other insurance payments, including workers' compensation payments.[2] Tenn.

---

[1] Mississippi applies a "center of gravity" test to conflict of law questions. Boardman v. United Services Automobile Assn., 470 So.2d 1024, 1032 (Miss. 1985). Analysis of the pertinent factors for contract cases clearly favors the application of Tennessee law. State Farm contracted (and negotiated the contract) with Lowe in Tennessee; the contract was to be principally performed in Tennessee; Lowe represented that the vehicle was principally garaged and licensed in Tennessee and Lee herself is a resident citizen of Tennessee. O'Rourke v. Colonial Ins. Co. of California, 624 So.2d 84, 87 (Miss. 1993). See also Baites v. State Farm Mutual Automobile Insurance Co., 733 So.2d 320, 322 (Miss. Ct. App. 1999).

[2] Sims v. Stewart, 973 S.W.2d 597, 601 (Tenn. App. 1998).

Code Ann. § 56-7-1201(d). See also Poper v. Rollins, 90 S.W.3d 682, 683 (Tenn. 2002). The right to offset includes amounts received as settlement funds. Green v. Johnson, 249 S.W.3d 313, 318 (Tenn. 2008).

It is undisputed that plaintiff was operating within the scope of her employment and has received workers compensation payments for both pay and medical benefits. The sum of the benefits received by plaintiff from the tortfeasor and in workers' compensation payments exceeds $100,000.[3]

The policy issued by State Farm provided $100,000 of uninsured motorist coverage. It is undisputed that GEICO provided UM coverage to Waters (the owner and operator of the vehicle in which Lowe was a passenger). Therefore, the GEICO policy, which also affords $100,000 of UM coverage is primary to plaintiff's State Farm policy. In order to prevail, Lowe must be able to show that less than $100,000 of uninsured motorist coverage is available under the GEICO policy. She cannot do so; State Farm has no liability for payment of uninsured motorist benefits to Lowe.[4] Accordingly,

IT IS, THEREFORE, ORDERED AND ADJUDGED that the State Farm Mutual Automobile Insurance Company's Motion for Summary Judgment [22] is well-taken and should be and hereby is, GRANTED.

---

[3] Plaintiff testified by deposition that she received $23,696.50 from Progressive Insurance Company (the tortfeasor's insurer) and $97,722.63 from her employer's workers compensation carrier.

[4] The Court has considered and rejected plaintiff's judicial estoppel argument as well as her "double offset" argument based on Bayles v. Pieper, 2009 WL 2632763 (Tenn. Ct. App. August 26, 2009).

SO ORDERED, this the 30th day of March, 2011.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE